# IN THE COURT OF APPEALS OF IOWA

No. 4-071 / 13-1986
Filed February 19, 2014

IN THE INTEREST OF P.B.,
Minor Child,

J.M., Father,
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Thomas Mott, District

Associate Judge.


        A father appeals from the juvenile court order terminating his parental

rights.  **AFFIRMED.**


        Jacob L. Mason of JL Mason Law, P.L.L.C., Des Moines, for appellant

father.

        Christine Bisignano, Windsor Heights, for mother.

        Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, John P. Sarcone, County Attorney, and Christina Gonzalez,

Assistant County Attorney, for appellee State.

        Erin Mayfield of the Youth Law Center, Des Moines, for minor child.


        Considered by Potterfield, P.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

A father appeals the juvenile court order terminating his parental rights. On our de novo review of the evidence, we determine the juvenile court properly terminated the father's parental rights under Iowa Code section 232.116(1)(f) (2013). We conclude termination of the father's parental rights is in the child's best interests. We affirm the decision of the juvenile court terminating the father's parental rights to the minor child.

## I. Background Facts & Proceedings

David and Latisha are the parents of P.B., who was born in 2005. The parents became acquainted in Kentucky when David was Latisha's drug dealer. David has a history of criminal behavior. After David served time in federal prison for his activities as a drug dealer, he moved to Iowa. Latisha came to the attention of family services in Kentucky, and in 2009 the child came to live in Iowa with David. P.B. has serious mental health and behavioral issues.

On April 13, 2011, the Iowa Department of Human Services (DHS) received a report that David had caused marks on P.B.'s face, back, chest, and arm by hitting him with a belt. David was charged with child endangerment.[1] The child was removed from his care and placed with the paternal grandmother. P.B. was adjudicated to be a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2011).

David had a drug test that was positive for marijuana in April 2011. On May 2, 2012, he had a drug test that was positive for cocaine. He was

---

[1] David entered an *Alford* plea on the child endangerment charge and was placed on probation. He had recently been discharged from probation at the time of the termination hearing in October 2013.

inconsistent in providing requested drug tests. David completed a parenting class and an anger management class. He attended therapy for a few months but then stopped attending.

On February 13, 2013, the juvenile court determined P.B. could not be returned to David's care and a guardianship of P.B. with the paternal grandmother should be established. The paternal grandmother, however, informed DHS she could no longer care for P.B. due to his escalating behaviors. P.B. was placed in foster care.

On September 11, 2013, the State filed a petition seeking termination of the parents' rights. A hearing was held October 1, 2013. The juvenile court terminated David's parental rights under section 232.116(1)(d), (e), (f), and (*l*) (2013).[2] The court noted P.B. needed "a healthy, stable, predictable, dependable, permanent home." The court found the evidence did not show P.B. could be returned to his parents' care soon, if ever, and termination was in the child's best interests. David appeals the juvenile court's decision.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

---

[2] The juvenile court also terminated Latisha's parental rights. She has not appealed.

concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Merits

**A.** David contends the State did not present sufficient evidence to justify termination of his parental rights. He admits he physically abused P.B. but asserts that because he participated in services he is now better able to attend to the child's needs and to parent him appropriately. He states there is no recent evidence he was abusing substances. He claims the issues of physical abuse and substance abuse have been adequately addressed and resolved.

On our de novo review of the evidence, we determine the juvenile court properly terminated David's parental rights under section 232.116(1)(f). The only element that has been challenged is whether there is clear and convincing evidence in the record to show the child could not be safely returned to David's care. *See* Iowa Code § 232.116(1)(f)(4). We determine the record presents clear and convincing evidence to support this element. Although David had two positive drug tests and did not comply with requests for drug tests on multiple other occasions, he denies he has a substance abuse problem and has not taken steps to address this issue. He refused to have a psychological test and did not consistently participate in therapy. We also note the juvenile court found David was not credible. We agree with the district court's conclusion that the child cannot be safely returned to David's care.

Because we have affirmed based on section 232.116(1)(f), we do not need to address the other grounds cited by the juvenile court to support termination of David's parental rights. *See In re A.B.*, 815 N.W.2d 764, 774

(Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

**B.** David claims termination of his parental rights is not in the child's best interests. He points out that he has had regular contact with the child through supervised visitation. He states that maintaining his relationship with the child will give the child the opportunity to have a relationship with his mother, siblings, grandparents, and church.

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the child[ ]'s best interests." *Id.* at 776. In considering a child's best interests, we give primary consideration to the child's safety; to furthering the long-term nurturing and growth of the child; and to the physical, mental, and emotional condition and needs of the child. Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The evidence shows that due to P.B.'s mental health and behavioral issues, he needs a very structured environment. David is not able to provide the stability P.B. needs. As noted above, David has not fully addressed his problems. In addition, he had not established stability in his home or employment. We conclude termination of David's parental rights is in P.B.'s best interests.

We affirm the decision of the juvenile court terminating David's parental rights to P.B.

**AFFIRMED.**